U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
NOV 15 2006
ROBERT H. SHEMWELL, CLERK
_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KEITHIAN GREENHOUSE | CIVIL ACTION NO. 06-1107 |
| VS. | SECTION P |
| LYNN A. COOPER, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed in forma pauperis by pro se petitioner Keithian Greenhouse on June 27, 2006. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana where he is serving concurrent sentences of 20 and 5 years imposed following his 2001 convictions for simple rape and possession with intent to distribute marijuana in the Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it is time-barred by the provisions of 28 U.S.C. §2244(d).

## *Statement of the Case*

Petitioner was charged with possession with intent to distribute marijuana and aggravated rape in the Twelfth Judicial District Court. On September 18, 2001 he entered into a plea agreement, the terms of which were stated for the record as follows:

> Your honor, the charge is one of AGGRAVATED RAPE. The State is accepting the plea to the reduced charge of SIMPLE RAPE, with a understanding that he's to be sentenced to TWENTY (20) YEARS at hard labor without benefit of parole, probation, or suspension of sentence.
>
> This sentence is with credit for time served, and sentence to run concurrently with any other sentence, this day imposed.

With regard to the drug charge, the plea agreement was stated as follows:

> Your honor, the defendant is to receive: Five (5) years, at hard labor, with credit for time served. This sentence is to run concurrent with the twenty (20) year sentence on SIMPLE RAPE...
> [doc. 4-2, pp. 13, 15]

Petitioner accepted the terms of the plea agreement and following the entry of his pleas was sentenced in accordance with the agreement. [id., pp. 20-21]

On November 19, 2002 petitioner filed a *pro se* Motion for Amending or Modifying Sentence. The motion was denied on December 17, 2002. On May 20, 2003 petitioner filed Motions for Copies of his Transcript, Minutes, and/or Pre-trial Motions and a Motion

for Subpoena Duces Tecum. On June 23, 2003 he filed a second Motion to Modify Sentence; it too was denied. Finally, on April 16, 2004 he filed an Application for Post-Conviction Relief seeking the reinstatement of lapsed appeal rights. On June 1, 2004 his application was granted and the district court appointed counsel to represent petitioner in his out-of-time appeal. On September 13, 2004, court-appointed counsel filed an *Anders/Benjamin*[1] brief and a motion to withdraw.[doc. 4-3, p. 3]

Petitioner filed a *pro se* brief arguing the following Assignments of Error: (1) "Whether the Trial Court informed the Defendant/Appellant of the 'nature of the charge' to which he was pleading as required by La. Code Cr.P. art. 556.1; and, (2) Whether the Trial Court, during sentencing, imposed an illegally

---

[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) – When appointed appellate counsel has determined that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, she may file a brief establishing those facts and requesting permission of the court to withdraw from the case. In State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir.1990), the Louisiana Fourth Circuit Court of Appeals set forth the appropriate procedures for an appellate court to analyze a brief filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until the appeals court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his own behalf. The court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; 2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. See State v. West, 04-0793 (La. App. 3d. Cir. 11/10/2004), 887 So.2d 657, 659-60.

lenient, indeterminate sentence ... in violation of La. C.Cr.P. art. 879." [*id.*, pp. 3-4]

On April 6, 2005, the Third Circuit dismissed petitioner's appeal and noted,

> Louisiana Code of Criminal Procedure Article 930.8 provides that applications for post conviction relief, including requests for out of time appeal, must be filed within two years from the date the defendant's conviction and sentence become final, unless certain specific exceptions apply. This time bar is jurisdictional and '[t]he trial court has no authority to extend those time limits beyond the delays provided by the legislature.' State v. Daigle, 593 So.2d 676 (La.App. 3 Cir.1991).
>
> The supreme court has held that an appellate court can raise this time bar on its own motion. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
>
> The Defendant pled guilty and was sentenced on September 18, 2001. His application for post-conviction relief seeking on an out-of-time appeal was not filed until April 16, 2004. Accordingly, the Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely, and the Defendant did not allege and prove any of the exceptions contained in La.Code Crim.P. art. 930.8 applied. Thus, pursuant to La.Code Crim.P. art. 930.8, the trial court was without authority to entertain the Defendant's application. Hence, we find that the out-of-time appeal was improperly granted and that Defendant's appeal is not properly before us. For this reason, Defendant's appeal is dismissed. State of Louisiana v. Keithian Greenhouse, 2004-1126 (La. App. 3 Cir. 4/6/2005), 899 So.2d 119.

Petitioner's writ application to the Louisiana Supreme Court was denied without comment on February 3, 2006. State of Louisiana v. Keithian Greenhouse, 2005-1714 (La. 2/3/2006), 922 So.2d 1177.

Petitioner filed his federal *habeas corpus* petition on June 27, 2006.

## *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence.[3] For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], five days (exclusive of holidays) following the

---

[3] Indeed, under Louisiana law, petitioner could not appeal his conviction since he entered a guilty plea. A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976). Further, petitioner could not appeal his sentence. See La. C.Cr.P. art. 881.2(A)(2) which provides, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner agreed to the imposition of the sentence he received.

imposition of sentence [4] or, on or about September 26, 2001.[5] Under 28 U.S.C. § 2244(d)(1) he had one year, or until September 26, 2002 to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because he did not file his first post-conviction motion until November 19, 2002, and by that time more than one-year had elapsed from the date his conviction became final. Further, as stated above, the lapse of time before the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Therefore, petitioner's *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus*

---

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

[5] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Tuesday, September 18, 2001. The five day delay for filing an appeal commenced on September 19 and since Saturday, September 22 and Sunday, September 23 were holidays, the period expired on Tuesday, September 25, 2001.

should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 15th day of November, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE